**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JORDAN MOORE                                              CIVIL ACTION

VERSUS                                                    NO: 24-02312

TURN SERVICES, L.L.C.                                     SECTION: T (5)

<u>ORDER AND REASONS</u>

Before the Court are a Motion for New Trial (R. Doc. 58) filed by Plaintiff, Jordan Moore,

and Plaintiff's Motion for Leave to File Supplemental Authority (R. Doc. 66) in support of his

Motion for New Trial. Defendant, Turn Services, L.L.C. ("Turn"), opposes both motions, R. Docs.

59, 69, and Plaintiff has filed a reply in support of each, R. Docs. 65, 73. Having considered the

parties' arguments, the record, and the applicable law, the Court will **GRANT** Plaintiff's Motion

for Leave to File Supplemental Authority (R. Doc. 66) but **DENY** Plaintiff's Motion for New Trial

(R. Doc. 58).

**I. BACKGROUND**

Plaintiff Jordan Moore filed this action against his employer, Turn Services, L.L.C.

("Turn"), asserting claims under the Jones Act, 46 U.S.C. § 30104, *et seq*., and under the general

maritime law of the United States arising from multiple, alleged work-related injuries sustained

during his employment as a seaman aboard the M/V American Pharoah ("Pharoah," or the

"Vessel"). R. Doc. 1. Specifically, Plaintiff alleges that he suffered injuries to his lower back

during four separate incidents occurring between February 2021 and July 2023, including injuries

allegedly caused by inadequate crewing and a December 22, 2022, collision involving a Turn crew

boat. *Id.* While Plaintiff contended that Turn was negligent under the Jones Act and that the vessels

1

on which he worked were unseaworthy, *id.*, Turn denied liability, disputed causation, and challenged the nature and extent of Plaintiff's alleged injuries, *see* R. Doc. 18.

This matter proceeded to a jury trial beginning on September 22, 2025. R. Doc. 49. Following trial, the jury returned a verdict in favor of Defendant Turn,[1] and judgment was entered dismissing Moore's claims with prejudice. R. Docs. 56, 57.

Plaintiff thereafter filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. R. Doc. 58. In support, Plaintiff argues that the verdict is against the great weight of the evidence and that a new trial is warranted because Turn allegedly failed to produce accident reports during discovery that were later referenced during trial testimony. R. Doc. 58-1, pp. 14-23. Turn opposes the motion, contending that Plaintiff merely seeks to relitigate factual disputes resolved by the jury and that he has failed to establish any basis for relief under Rule 59. R. Doc. 59, pp. 1-10. According to Turn, the jury's verdict is supported by the evidence presented at trial, and Plaintiff's allegations regarding the purported accident reports do not establish discovery misconduct warranting a new trial. *Id.*

After briefing had concluded on the Motion for New Trial, Plaintiff filed a Motion for Leave to File Supplemental Legal Authority in support of that motion, seeking to direct the Court's attention to the Louisiana Fifth Circuit Court of Appeal's opinion in *Drema Cambre v. Priority Management Group, L.L.C. d/b/a Chateau St. James Rehab & Retirement* (No. 22-CA-242). R. Doc. 66. While Plaintiff contends that the factual background of *Drema Cambre* is highly analogous and supports the granting of a new trial, R. Doc. 66-2, p. 1, Turn opposes the Motion for Leave and argues that *Drema Cambre* is procedurally and factually distinguishable from this

---

[1] Specifically, the jury answered "No" to the questions asking whether Turn was negligent under the Jones Act or whether the Pharoah was unseaworthy. R. Doc. 52, p. 1. Therefore, the jury did not reach questions of comparative fault or damages. *Id.* at p. 2

case and therefore does not alter the Rule 59 analysis, R. Doc. 69. Both Motions are now before the Court.

## II. LAW AND ANALYSIS

Although it was filed second, the Court will first consider Plaintiff's Motion for Leave to File Supplemental Authority because, if it is granted, the Court will consider the supplemental authority in resolving the Motion for New Trial.

### a. *Motion for Leave to File Supplemental Authority (R. Doc. 66)*

Plaintiff seeks leave to supplement the briefing on his Motion for New Trial with the Louisiana Fifth Circuit Court of Appeal's recent decision in *Drema Cambre v. Priority Management Group, L.L.C. d/b/a Chateau St. James Rehab & Retirement* (No. 22-CA-242). R. Doc. 66. Turn opposes the Motion for Leave, arguing that *Drema Cambre* is procedurally and factually distinguishable from the instant matter and therefore does not warrant supplementation or alter the Court's Rule 59 analysis. R. Doc. 69, pp. 1-4.

The Court finds that supplementation is appropriate in this case. *Drema Cambre* was decided after briefing on the Motion for New Trial had concluded and addresses issues sufficiently related to those presented here to warrant the Court's consideration. R. Doc. 66-1 (the *Drema Cambre* opinion). Because Turn has had a full opportunity to respond to Plaintiff's supplemental authority and present its arguments regarding why it does not support granting a new trial, the Court will GRANT Plaintiff's Motion for Leave to File Supplemental Authority. The Court considers *Drema Cambre* below in addressing Plaintiff's Motion for New Trial.

### b. *Motion for New Trial (R. Doc. 58)*

Plaintiff's remaining motion seeks a new trial pursuant to Rule 59(a), arguing that (1) the jury's verdict is contrary to the great weight of the evidence and (2) Turn's alleged failure to

produce accident reports during discovery warrants a new trial. R. Doc. 58, pp. 1-2; R. Doc. 58-1, pp. 6-17.

      i. **Applicable Law**

Federal Rule of Civil Procedure 59 provides that a district court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). On a motion for new trial, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. Fed. R. Civ. P. 59(a)(2). The decision whether to grant a new trial under Rule 59 "rests within the sound discretion of the district court, but that discretion is tempered by the deference due to a jury." *Babin v. Plaquemines Parish*, No. 18-7378, 2020 WL 7318079, at *6 (E.D. La. Dec. 11, 2020) (citing *Foradori v. Harris*, 523 F.3d 477, 504 (5th Cir. 2008); *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)). "The district court abuses its discretion in denying a new trial only when there is an 'absolute absence of evidence to support the jury's verdict.'" *Id.* (quoting *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991)). Moreover, "[t]he Fifth Circuit has held that [a district court's] discretion is even broader when the district court denies, rather than grants, a motion for new trial." *Id.* (citing *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005)).

While the Federal Rules themselves do not specify what grounds are necessary to support a decision to grant a new trial, the Fifth Circuit has instructed that "[a] new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.3d 610, 613 (5th Cir. 1985). A court should not disturb a jury's

verdict unless it is against the great weight of the evidence or allowing the verdict to stand would result in a miscarriage of justice. *Id.* at 612-13. *See also Seibert v. Jackson Cnty, Mississippi*, 851 F.3d 430, 438-39 (5th Cir. 2017) (citing *United States v. Flores*, 981 F.3d 231, 237 (5th Cir. 1993)). Accordingly, although a district court may weigh the evidence when considering a Rule 59 motion, it should exercise that authority with considerable restraint in light of the deference owed to the jury's resolution of disputed factual issues.

### ii. Argument #1 – "Great Weight of the Evidence"

Here, Plaintiff first suggests that the jury's verdict is contrary to the great weight of the evidence, which he contends established Turn's negligence under the Jones Act and the unseaworthiness of the Pharoah. R. Doc. 58-1, pp. 14-17. Specifically, Plaintiff contends that the December 22, 2022, incident aboard the Pharoah could only have resulted from Turn's negligence, that the Vessel was inadequately manned during Plaintiff's August 2022 and July 2023 injuries, and that the unanimous medical testimony established those incidents aggravated Plaintiff's preexisting back condition. *Id.* Plaintiff therefore argues that no reasonable juror could have answered "No" to Questions One and Two of the verdict form.[2] *Id.* at pp. 15-19.

The Court is not persuaded. Plaintiff bore the burden of proving, by a preponderance of evidence, both (1) that Turn was negligent under the Jones Act and (2) that such negligence caused, in whole or in part, Plaintiff's injuries. Likewise, Plaintiff bore the burden of proving that the Pharoah was unseaworthy and that the alleged unseaworthy condition was a proximate cause of his injuries. The jury concluded that Plaintiff failed to satisfy each of these burdens.

---

[2] Question One of the verdict form asked jurors, "Do you find by a preponderance of the evidence that Turn Services, L.L.C. was negligent AND such negligence caused, in whole or in part, Jordan Moore's injuries?" R. Doc. 52, p. 1. Question Two read, "Do you find by a preponderance of evidence that the M/V AMERICAN PHAROAH was unseaworthy AND such unseaworthiness was a proximate cause of Jordan Moore's injuries?" *Id.*

Although Plaintiff identifies evidence that *could have* supported a verdict in his favor, the existence of conflicting evidence, by itself, does not warrant the setting aside of the jury's verdict under Rule 59. Rather, the Court must determine whether the verdict is against the great weight of the evidence or whether allowing it to stand would otherwise result in a miscarriage of justice. *See Smith*, 773 F.3d at 612-13.

Here, the evidence presented at trial was sharply disputed. The jury heard conflicting testimony regarding the circumstances surrounding Plaintiff's injuries, the condition of the Vessel, and the extent to which these circumstances and conditions were attributable to Turn's conduct. Additionally, the parties presented conflicting testimony concerning whether Plaintiff's later medical issues were attributable to subsequent incidents or reflected the natural progression of his preexisting condition. Resolution of those disputes necessarily depended upon the jury's assessment of witness credibility and the weight to assign competing testimony. Those are precisely the types of factual determinations entrusted to the jury and are not appropriately revisited on a Rule 59 motion.

Having presided over the trial, observed the witnesses firsthand, and considered the evidence as a whole, the Court cannot conclude that the jury's answers to Questions One and Two of the verdict form were against the great weight of the evidence. Instead, the Court finds that the verdict reflects the jury's determination that Plaintiff failed to carry his burden of proof on liability. Rule 59 does not permit the Court to substitute its own evaluation of the evidence for that of the jury simply because Plaintiff disagrees with the verdict. *See Smith*, 773 F.2d at 612-13. Plaintiff's motion largely identifies evidence that the jury *could have* credited, but the jury was entitled to accept some testimony, reject other testimony, and make credibility determinations that this Court will not revisit on a Rule 59 motion. Accordingly, Plaintiff has not established that a new trial is

warranted on this basis.

### iii.   Argument #2 – "Newly Discovered Evidence"

Plaintiff's second argument for a new trial, in which he contends that Turn's alleged failure to produce accident reports during discovery warrants a new trial, is similarly unavailing. Here, Plaintiff argues that trial testimony offered by Turn representative Jason Mitchell established that responsive accident reports existed despite Turn's prior discovery responses indicating otherwise. R. Doc. 58-1, pp. 17-23. Plaintiff therefore characterizes these supposed reports as newly discovered evidence and argues that Turn's alleged failure to produce them prevented him from fully presenting his case at trial. *Id.*

In opposition, Turn responds that Plaintiff has not identified any newly discovered evidence within the meaning of Rule 59. R. Doc. 59, pp. 7-10. Instead, Turn argues that Plaintiff's motion rests entirely upon Plaintiff's preferred interpretation of Mitchell's testimony. *Id.* Turn further argues that the jury heard Mitchell's testimony, was free to weigh it against the testimony of Turn's other witnesses—including Terrell Folse, the last witness to testify, who "indicated that he had conducted a thorough search of Turn's records when helping complete Turn's responses to Plaintiff's written discovery, and that there were no accident reports"—and nevertheless returned a verdict in favor of Turn. *Id.*

In reply, Plaintiff maintains that "Mitchell was adamantly clear that there were three accident reports that he had seen" and argues that Turn's failure to produce those reports constituted discovery misconduct that materially prejudiced Plaintiff's presentation of his case. R. Doc. 65, pp. 1-5. Plaintiff further contends that Turn improperly relied upon the purported absence of accident reports during opening statement and throughout trial despite allegedly possessing responsive documents. *Id.*

Once again, the Court is unpersuaded by Plaintiff's argument for a new trial. Rule 59 is not a vehicle for relitigating factual disputes presented to and resolved by the jury. The testimony upon which Plaintiff now relies was not discovered after trial but instead was presented during trial, before the jury. Accordingly, the jury was fully aware of the alleged inconsistency by the time it deliberated: jurors were afforded the opportunity to hear Mitchell's testimony, evaluate his credibility, consider his testimony alongside that of Turn's other witnesses, and determine what weight it deserved. Nevertheless, the jurors returned a verdict for Turn.

Similarly, Plaintiff has not demonstrated that any alleged discovery violation requires a new trial. Plaintiff has not identified or produced the purported accident reports, established what information they contain, or otherwise demonstrated that their alleged nondisclosure was likely to have produced a different result at trial. Rather, Plaintiff asks the Court to infer both the existence and the significance of documents that remain absent from the record. Such speculation is insufficient to justify the extraordinary remedy of a new trial.

Moreover, to the extent that Plaintiff contends Turn violated its discovery obligations, that contention does not alter the Rule 59 analysis. The Court finds that Plaintiff has not demonstrated that any alleged failure to disclose rendered the trial fundamentally unfair or resulted in a miscarriage of justice. Instead, the parties fully litigated the significance of the purportedly missing accident reports through witness testimony before the jury, which ultimately resolved those factual disputes in Turn's favor.

### iv.  **Analysis of Supplemental Authority**

Plaintiff's supplemental authority likewise does not compel a different result. In support of his Motion for New Trial, Plaintiff relies upon *Drema Cambre v. Priority Management Group, L.L.C.*, No. 25-CA-242 (La. App. 5 Cir. Dec. 30, 2025), arguing that it supports the granting of a

8

new trial where responsive documents are disclosed for the first time during trial. R. Doc. 66, pp. 1-2; R. Doc. 66-1, pp. 1-5. The Court has reviewed the supplemental authority introduced by Plaintiff but finds that *Drema Cambre* involved decidedly different circumstances. There, the state trial court found willful violations of discovery obligations and prior discovery orders after highly relevant documents were first disclosed during trial, imposed sanctions striking defendant's pleadings, directed liability, and excluded evidence *before the jury rendered its verdict*. R. Doc. 66-1, p. 2. The Louisiana Fifth Circuit affirmed those sanctions and, consequently, the denial of a motion for new trial. *Id.* Because *Cambre* arose under Louisiana procedural law and involved a materially different posture and findings, it does not alter the Court's analysis of Plaintiff's Rule 59 motion. This case presents no comparable finding of willful discovery misconduct, no discovery sanctions, and no directed determination of liability. Nor did the Court in this matter make any finding that Turn violated its discovery obligations. Thus, *Drema Cambre* does not alter the Court's conclusion that Plaintiff has failed to establish entitlement to relief under Rule 59.

Moreover, even accepting Plaintiff's characterization of *Drema Cambre*, the decision does not stand for the proposition that every alleged discovery violation revealed during trial requires a new trial. Rather, the Louisiana Fifth Circuit affirmed a series of sanctions imposed after the trial court found willful discovery misconduct and determined that the withheld evidence had materially prejudiced the proceedings. No comparable findings were made in the instant matter. Instead, the alleged existence of accident reports was explored before the jury through witness testimony and the arguments of counsel. The jury nevertheless returned a verdict in Turn's favor.

For these reasons, Plaintiff has not demonstrated that the jury's verdict is against the great weight of the evidence, that any alleged discovery violation warrants a new trial, or that the supplemental authority upon which he relies compels a different result. Because Plaintiff has failed

to establish entitlement to the extraordinary relief contemplated by Rule 59, the Court declines to disturb the jury's verdict. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Supplemental Authority (R. Doc. 66) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial (R. Doc. 58) is **DENIED.**

New Orleans, Louisiana, this 13th day of August 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE